

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRY MENDOZA | CIVIL ACTION |
| VERSUS | NO. 00-329 |
| RONAL SERPAS, Individually and in his official capacity as Chief of Operations for the New Orleans Police Department, THE CITY OF NEW ORLEANS AND THE NEW ORLEANS POLICE DEPARTMENT | SECTION "L" MAGISTRATE (4) |

## MOTION TO DISMISS WITHOUT PREJUDICE

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Harry Mendoza, who moves this Honorable Court for a dismissal without prejudice of the instant litigation pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*[signature]*

_____
EDWARD F. KOHNKE, IV (#7824)
JAMES H. BROWN, JR (#3564)
Frilot, Partridge, Kohnke & Clements, L.C.
1100 Poydras Street
Suite 3600 - Energy Centre
New Orleans, Louisiana 70163-3600
Telephone:  (504) 599-8000
Facsimile:   (504) 599-8100

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I have forwarded a copy of the foregoing pleading upon all counsel of record, as listed below, by placing same in United States mail, properly addressed and first-class postage prepaid, on this **23** day of February, 2001:

    Mr. Joseph V. DiRosa, Jr.
    Deputy City Attorney
    1300 Perdido Street, Room 5E03
    New Orleans, Louisiana 70112

*[signature]*

_____
JAMES H. BROWN, JR.

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRY MENDOZA | CIVIL ACTION |
| VERSUS | NO. 00-329 |
| RONAL SERPAS, Individually and in his official capacity as Chief of Operations for the New Orleans Police Department, THE CITY OF NEW ORLEANS AND THE NEW ORLEANS POLICE DEPARTMENT | SECTION "L" MAGISTRATE (4) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE

The Court is well aware of the posture of this litigation. In a nutshell, the damage issues involved in this lawsuit have been resolved or are resolvable in parallel litigation styled, <u>Harry Mendoza v. City of New Orleans</u>, Civil Action No. 98-2868 "J" on the docket of the United States District Court for the Eastern District of Louisiana, a lawsuit that arises under the terms of a Consent Decree entered into by the City of New Orleans and a class of applicants for positions with and members of the New Orleans Police

Department. Counsel for defendant is apparently of the same mind since he has so reported to the Court. (*See* Attachment No. 1.)

During the time that this lawsuit was pending, little activity has taken place. That fact has been reported to the Court at the periodic status conferences held by the Court. That lack of activity was not by accident since the likelihood was that, because of the vagaries of scheduling, the aforementioned parallel litigation would likely be decided prior to this case and resolve any need to engage in expensive and time-consuming discovery. In fact, that is exactly what came to pass.

Because of how this litigation played out there has been no reason for this Honorable Court to resolve the merits of this claim. Because of the fact that little or no activity has taken place a dismissal of this claim will work no prejudice to the defendant other than the possibility of a second lawsuit. Even that possibility is only a theoretical possibility, at present, because of the parallel litigation resolution or likely resolution of the damage issues in this litigation.

On the other hand, a dismissal with prejudice holds out a possibility of future prejudice to the plaintiff. Plaintiff remains an officer in the New Orleans Police Department and is subject to future retaliation for the activities outlined in his complaint. A dismissal with prejudice could, conceivably cause evidentiary problems in any future claim by

2

preventing plaintiff from proving a pattern of conduct by the defendant if the defendant chooses to retaliate in the future and, by that retaliation, necessitates another lawsuit.

The case law and authority holds that this Honorable Court would be proper in denying a motion to dismiss without prejudice if the defendant would suffer some cognizable prejudice greater than the mere prospect of a second lawsuit.  <u>Hartford Accident and Indemnity Co. v. Costa Lines Cargo Services</u>, 903 F.2d 360 (5th Cir. 1990). 9 C. Wright & A. Miller, <u>Federal Practice and Procedure</u>, §2364 (1971 and Supp. 1990). The obvious corollary to that rule is that if the defendant will suffer no prejudice other than the possibility of a second lawsuit, the motion should be granted.

Here, even the possibility of a second lawsuit arising out of these specific facts is a remote possibility, at best, since, all parties are in apparent agreement that the parallel litigation has resolved most of the damage issues between the parties or, to the extent that those issues remain unresolved, is capable of providing that relief.  There having been no adjudication on the merits in this case and defendants not having engaged in any extensive efforts in this case, this Honorable Court should dismiss this litigation without prejudice.

Accordingly, Harry Mendoza, moves this Honorable Court for an order dismissing the litigation without prejudice.

3

Respectfully Submitted,

_____
EDWARD F. KOHNKE, IV (#7824)
JAMES H. BROWN, JR (#3564)
Frilot, Partridge, Kohnke & Clements, L.C.
1100 Poydras Street
Suite 3600 - Energy Centre
New Orleans, Louisiana 70163-3600
Telephone:   (504) 599-8000
Facsimile:   (504) 599-8100

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I have forwarded a copy of the foregoing pleading upon all counsel of record, as listed below, by placing same in United States mail, properly addressed and first-class postage prepaid, on this 23 day of February, 2001:

Mr. Joseph V. DiRosa, Jr.
Deputy City Attorney
1300 Perdido Street, Room 5E03
New Orleans, Louisiana 70112

_____
JAMES H. BROWN, JR.

4



# CITY OF NEW ORLEANS

LAW DEPARTMENT
1300 PERDIDO STREET, 5TH FLOOR EAST
NEW ORLEANS, LOUISIANA 70112
(504) 565-6200
(504) 565-7691

MARC H. MORIAL
MAYOR

February 15, 2001

MAVIS S. EARLY
CITY ATTORNEY

Honorable Eldon F. Fallon
United States District Court
Eastern District of Louisiana
500 Camp Street, Room C456
New Orleans, Louisiana 70130

    Re:    **Harry Mendoza v. Ronal Serpas, et al.**
           **USDC No. 00-0329, "L" (4)**

Dear Judge Fallon:

    I have recently received a copy of a letter to you dated February 6, 2001 from James H. Brown, Jr., counsel for Harry Mendoza. I believe a response is appropriate.

    Mr. Brown concedes that a recent ruling in an ancillary case has resolved one of the major issues of this litigation, namely, the promotion of Harry Mendoza to captain in the New Orleans Police Department. However, he asserts that there still remains some question concerning the computation of Mendoza's back pay award resulting from the prior case.

    I am enclosing for your review a copy of the order rendered by Judge Barbier which ordered the promotion of Harry Mendoza "retroactive to August 5, 1998, with all back pay and other benefits."

    If any question remains regarding the calculation of back pay and benefits, that issue can surely be adequately addressed in the prior litigation without the necessity of pursuing the same issues, which are now moot, in this case.

                                                       Very truly yours,

                                                       JOSEPH V. DIROSA, JR.
                                                       Deputy City Attorney

JVDjr:emt
cc:    James H. Brown, Jr.

MINUTE ENTRY
BARBIER, J.
AUGUST 2, 2000

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRY MENDOZA, ET AL | CIVIL ACTION |
| VERSUS | NO: 98-2868 |
| THE CITY OF NEW ORLEANS, ET AL | SECTION: "J"(5) |

The Court conducted an expedited hearing this date on plaintiff's Motion for Contempt with the following counsel in attendance: Harry Boyer appeared by telephone for plaintiffs and Franz Zibilich appeared in person for defendants. In their motion, plaintiffs Harry Mendoza and Norville Orazio moved to place defendants in contempt for failing to promote them to the rank of captain pursuant to the Court's May 31, 2000 order.

At the conference the Court declined to cite defendants for contempt because at the May 31, 2000 hearing on plaintiffs' earlier motion for contempt, the Court had failed to set a deadline for defendants to promote Mendoza and Orazio. However,

DATE OF ENTRY AUG - 4 2000

the Court now orders as follows:

**IT IS ORDERED** that the Court's May 31, 2000 order should be and is hereby amended as follows:

Defendants shall promote plaintiffs ~~Harry Mendoza and~~ Norville Orazio to the rank of Captain not later than 15 days from the entry of this order.[1] Said promotions are to be made retroactive to August 5, 1998, with all back pay and other benefits.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Contempt should be and is hereby **DENIED**, without prejudice to be refiled in the event the defendants fail to comply with the Court's order.

* * * * * * * *

---

[1] This Court has previously denied defendants' Motion to Stay its order pending appeal. (Rec. Doc. 58) Defendants have filed an appeal from the Court's order of May 31, 2000 but have not requested a stay from the appellate court. The Court's order, as amended, allows the defendants ample time to seek a stay from the Fifth Circuit. However, barring such a stay, the Court expects that defendants will fully comply with this Court's order without further delay.

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRY MENDOZA | CIVIL ACTION |
| VERSUS | NO. 00-329 |
| RONAL SERPAS, Individually and in his official capacity as Chief of Operations for the New Orleans Police Department, THE CITY OF NEW ORLEANS AND THE NEW ORLEANS POLICE DEPARTMENT | SECTION "L" MAGISTRATE (4) |

## ORDER

Considering the above Motion to Dismiss Without Prejudice;

It is hereby **ORDERED, ADJUDGED AND DECREED** this lawsuit be dismissed without prejudice.

This _____ day of _____, 2001.

_____
**UNITED STATES DISTRICT COURT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARRY MENDOZA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-329** |
| **RONAL SERPAS, Individually and in his official capacity as Chief of Operations for the New Orleans Police Department, THE CITY OF NEW ORLEANS AND THE NEW ORLEANS POLICE DEPARTMENT** | **SECTION "L"**<br><br>**MAGISTRATE (4)** |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that undersigned counsel will bring the attached and foregoing Motion to Dismiss on for hearing before the Honorable Eldon E. Fallon, United States District Judge for the Eastern District of Louisiana, located at 500 Camp Street, New Orleans, Louisiana on Wednesday, March 14, 2001 at 9:00 o'clock A.M. or as soon thereafter as counsel may be heard.

Respectfully Submitted,

_____
EDWARD F. KOHNKE, IV (#7824)
JAMES H. BROWN, JR (#3564)
Frilot, Partridge, Kohnke & Clements, L.C.
1100 Poydras Street
Suite 3600 - Energy Centre
New Orleans, Louisiana 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I have forwarded a copy of the foregoing pleading upon all counsel of record, as listed below, by placing same in United States mail, properly addressed and first-class postage prepaid, on this 23 day of February, 2001:

> Mr. Joseph V. DiRosa, Jr.
> Deputy City Attorney
> 1300 Perdido Street, Room 5E03
> New Orleans, Louisiana 70112

_____
JAMES H. BROWN, JR.

2