

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

MAR 07 2001
2001 MAR -7 PM 3: 14

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HARRY MENDOZA | * | CIVIL ACTION |
| VERSUS | * | NO.  00-329 |
| RONAL SERPAS | * | SECTION "L" (4) |

\*   \*   \*   \*   \*   \*   \*   \*

### OPPOSITION TO MOTION TO DISMISS WITHOUT PREJUDICE

NOW INTO COURT, through the undersigned Deputy City
Attorney, comes defendants, Ronal Serpas and the City of New
Orleans, who file the following opposition to plaintiff's motion
herein seeking to dismiss this cause without prejudice.

### FACTS

Plaintiff, Harry Mendoza, has filed suit herein claiming
that he has been subjected to retaliation in his employment with
the New Orleans Police Department by the institution of false
disciplinary actions against him (Complaint, paragraphs XXII-
XXVII) and by being denied a promotion to the position of police
captain. (Complaint, paragraphs XXIX-XXX)

He maintains that this retaliation was the result of claimed

"whistle blower" activity by his having exposed alleged improper actions by Ronal Serpas. (Complaint, paragraphs VIII–XX) Mendoza claims to have reported these improper actions to Superintendent Pennington in January, 1998. (Complaint, paragraph XVII)

This identical claim of "whistle blower" status and retaliation by institution of alleged "bogus" disciplinary charges was previously asserted by Harry Mendoza when he appealed a disciplinary action against him before the Civil Service Commission for the City of New Orleans. That appeal also asserted the same claim that the retaliation was the result of his having allegedly exposed the same improper actions by Ronal Serpas as are described in the complaint filed herein.

Following presentation of Mendoza's case in chief before the Civil Service Commission, the Department of Police filed a motion seeking summary dismissal of Mendoza's appeal arguing that Mendoza had utterly failed to establish that the disciplinary action was the result of any alleged retaliation.

Mendoza responded by filing a motion to dismiss before the Commission seeking to have the appeal dismissed without prejudice, as he now seeks to do in these proceedings.

The Commission permitted Mendoza to dismiss his appeal, but only with prejudice.

## ARGUMENT

It is the belief of defendants herein that Harry Mendoza

2

seeks dismissal without prejudice in this action in an attempt to "fight and run away" as he attempted previously before the Civil Service Commission in order that he will have an opportunity, for a third time, to "live to fight another day" by asserting, as often as he is permitted to do so, the same unproven claim of "whistle blower" status for his alleged role in exposing the claimed improprieties of Ronal Serpas.

Defendants believe it is time for Mendoza's professed cloak of "whistle blower" protection to be exposed for the fallacy that it is.

This dismissal is sought by plaintiff pursuant to FRCVP, Rule 41(a)(2) which provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper...Unless otherwise specified in this order, a dismissal under this paragraph is without prejudice."

Whether to permit dismissal, with or without prejudice, is discretionary with the trial judge and should be based upon the existence of legal prejudice to the defendant if plaintiff is granted a dismissal without prejudice. Factors to be considered in determining legal prejudice are undue vexatiousness, undue burden to litigant in presenting his defense, excessive and duplicitous expense of second litigation, the defendant's effort and expense involved in preparing for trial, plaintiff's diligence in moving to dismiss, excessive delay and lack of

3

diligence on the part of the plaintiff in prosecuting the action, the adequacy of the plaintiff's explanation for the need to dismissal and the current state of the litigation. <u>Westlands Water Dist. V. Patterson</u>, 900 F.Supp. 1304 (E.D. Cal., 1995), reversed 100 F.3d 94; <u>Wimber v. Dept. Of Social and Rehabilitation Services</u>, 156 F.R.D. 259 (D. Kan., 1994); <u>Clark v. Tansy</u>, 13 F.3d 1407 (C.A. 10, 1993); <u>Selas Corp. Of America v. Wilshire Oil Co. Of Texas</u>, 57 F.R.D. 3 (D.C. Pa., 1972).

While this suit has been pending for more than one year, the factors which cause defendants to insist upon a dismissal with prejudice are the facts that Harry Mendoza has demonstrated a willingness to use this claim of "whistle blower" status as a tool to challenge virtually any decision made by the Superintendent of Police which involves Mendoza.

Before the Civil Service Commission, Mendoza previously attempted to challenge a letter of reprimand issued by Superintendent Pennington based upon alleged "whistle blower" status, and now he again seeks to challenge that same disciplinary action in addition to the Superintendent's failure to promote him to the rank of Captain.

Significantly, Superintendent Pennington was not named as a defendant in these proceedings despite the fact that Pennington is the chief policy maker for the New Orleans Police Department and was the final decision maker with regard to both the disciplinary action and the promotion. This failure to name

4

Superintendent Pennington as a defendant brings into question not only the validity of Mendoza's claim, but also the question of whether this cause of action was brought in good faith.

Firstly, Mendoza's claim to "whistle blower" status is based upon his assertion that he brought the information regarding Deputy Superintendent Serpas' alleged improprieties to the attention of Superintendent Pennington in January, 1998. (Complaint, paragraph XVII)

By January of 1998, however, not only had Superintendent Pennington already been aware of the allegations against Serpas, he had previously referred the matter to the United States Attorney for investigation and had been advised by the United States Attorney that there was no evidence of criminal wrongdoing. (Exhibit-A)

Additionally, by January, 1998, the matter had already been referred for additional investigation to the Office of Municipal Investigations of the City of New Orleans by the Metropolitan Crime Commission by letter dated November 14, 1997. (Exhibit-B)

Secondly, the alleged "bogus" charge to which Mendoza refers in this litigation involved violations of NOPD regulations in an incident where he removed a sheet of plate glass from a Harbor Police facility without either requesting or receiving permission from the Harbor Police to do so.

The charge (referred to as a DM-1) against Mendoza was instituted by Lt. James Scott on April 2, 1998 (Exhibit-C),

5

investigated by Lt. Robert Italiano, a PID investigator.
(Exhibit-D)

Lt. Italiano's investigation concluded with a recommendation
that two charges be sustained against Mendoza, adherence to law
and professionalism. That investigation and its findings were
reviewed separately by both Capt. Chester Cooke and Maj. Felix
Loicano, each of whom concurred in the findings against Mendoza.
(Exhibit-D)

A subsequent disciplinary hearing was conducted by Supt.
Richard Pennington, who sustained only one of the recommended
charges and reduced the recommended penalty against Mendoza from
a proposed suspension to a letter of reprimand (Exhibits-E and
F).

Despite Mendoza's allegation in this litigation, Deputy
Superintendent Ronal Serpas did not take part in any level of
either the investigation or the penalty phase.

Mendoza subsequently appealed his letter of reprimand to the
Civil Service Commission on the basis of his claimed "whistle
blower" status (Exhibit-G). This was necessary as a letter of
reprimand is not otherwise appealable to the Commission.

At the Civil Service Commission hearing, Harry Mendoza
admitted on cross-examination that he had no evidence that Ronal
Serpas either instituted the alleged "bogus" disciplinary action
against Mendoza or caused it to be instituted. Mendoza admitted
that he had no evidence that Serpas had participated in, or

6

influenced, the investigation of the incident, and had <u>no</u>
<u>evidence</u> that Serpas made any recommendation regarding the
charges or the appropriate penalty, or that he influenced Supt.
Pennington in that regard. (Exhibit-H)

Following Mendoza's case in chief, a motion seeking summary
dismissal of his civil service appeal, for his failure to
establish a prima facie case (Exhibit-I), following which Mendoza
sought to voluntarily dismiss his appeal, without prejudice.

The Commission permitted dismissal of the appeal by Mendoza,
but ruled that the dismissal would be <u>with</u> prejudice (Exhibit-J).

Even when a plaintiff dismisses a cause of action by notice
prior to the filing of an answer or motion for summary judgment
by the defendant, FRCVP Rule 41(a)(1) proscribes a two-dismissal
rule which stipulates that such a dismissal is without prejudice
"except that a notice of dismissal operates as an adjudication
upon the merits when filed by a plaintiff who has once dismissed
in any court...of any state an action based on or including the
same claim."

While the two-dismissal rule referred to in FRCVP Rule
41(a)(1) is not applicable when the dismissal is by order of the
court, <u>Sutton Place Development Co. V. Abacus Mortg. Inv. Co.</u>,
826 F.2d 637 (C.A. 7, 1987), certiorari denied 108 S.Ct. 1224,
485 U.S. 961, 99 L.Ed.2d 424, the purpose of the rule is to
prevent a plaintiff from repeating with impunity the process of
filing suit, dismissing without prejudice, and later refiling the

7

same cause of action. <u>Englehardt v. Bell & Howell Co.</u>, 299 F.2d 480 (C.A. Mo., 1962).

Mendoza's appeal to the Civil Service Commission constitutes an action before a state court since judicial authority is granted to the Commission under Article X § 8 of the Constitution which grants classified employees the right to appeal disciplinary actions to the appropriate commission and also to appeal claims of discrimination because of "political or religious beliefs, sex, or race." This judicial authority is expressly limited under Article X § 12 to disciplinary and removal cases providing to all civil service commissions "the exclusive power and authority to hear and decide all removal and disciplinary cases..."

This constitutional grant of judicial authority has consistently been recognized as an exception to the general rule that district courts have jurisdiction over all civil matters. <u>Crockett v. State through Dept. Of Public Safety and Corrections</u>, 97-2528 (La. App., 1st Cir., 11/6/98) 721 So2d 1081; <u>Landrum v. Board of Commissioners of the Orleans Levee District</u>, 95-1591 (La. App., 4th Cir., 11/27/96) 685 So2d 382, rehearing denied; <u>Hawkins v. State through Dept. Of Health and Hospitals</u>, 613 So2d 229 (La. App., 1st Cir., 1992), rehearing granted in part.

The general thrust of the constitutional grant of exclusive jurisdiction to the various commissions is to specifically preclude district courts from having concurrent jurisdiction with

8

the commissions over classified civil service employer-employee
disputes that are employment related. <u>Crockett</u>, supra. Trial
courts have, therefore, lacked jurisdiction to order
reinstatement of civil service employees, <u>Varnado v. Dept. Of
Employment and Training</u>, 95-0787 (La. App., 1st Cir., 6/28/96)
687 So2d 1013, on rehearing, writ denied 97-0312 (La., 3/27/97)
692 So2d 394; or to entertain a disability discrimination claim
<u>Reimer v. Medical Center of Louisiana at New Orleans</u>, 95-2799
(La. App., 4th Cir., 1/29/97) 688 So2d 165.

This exclusive grant of judicial jurisdiction to the
commissions has been upheld even in cases where employees have
attempted to sue in district under tort theories such as alleged
intentional interference with the employee's job. <u>Foreman v.
Falgout</u>, 503 So2d (La. App., 1st Cir., 1986).

The distinctions between the commissions' judicial powers
and their executive and legislative functions are further
evidenced by the contrast in the appellate process accorded to
those challenging commission actions.

When commissions act pursuant to their executive and
legislative authority, an appeal of those actions must be taken
to the district court for appellate review under the Louisiana
Administrative Procedure Act and not directly to the court of
appeal as is the case when a challenge is lodged to a decision of
a commission exercised pursuant to its judicial authority. LSA-
R.S. 49:964(A); <u>Carbonnet v. Dept. Of Civil Service</u>, 97-1187 (La.

9

App., 4th Cir., 1/28/98) 706 So2d 1063.

A review of a commission decision rendered under its exclusive judicial authority, on the other hand, is constitutionally addressed by Article X § 12 of the Louisiana Constitution of 1974 which provides, "The decision of a commission shall be subject to review on any questions of law or fact upon appeal to the court of appeal...within thirty calendar days after its decision becomes final..." Hence, just as one district court does not possess appellate authority over another district court, so too an appellate court and not a district court is the proper court to review a decision of a commission acting under its judicial authority.

While jurisprudence provides that the mere prospect of defending a second lawsuit did not, of itself, constitute legal prejudice Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143 (C.A. Cal., 1982); Westlands, supra., dismissal in this action will expose the Department of Police to the expense and effort of defending Mendoza's claims for the third time.

CONCLUSION

Harry Mendoza is attempting to use a specious claim of "whistle blower" status as a tool to challenge decisions made by Superintendent Richard Pennington in the management and operation of the New Orleans Police Department.

This is the second occasion on which he has asserted this

10

claim and the second occasions on which, when pressed, he has attempted to dismiss his claim without prejudice.

To permit dismissal without prejudice and leave this issue open for a third attempt will create an untenable position when Mendoza has been unable to demonstrate either that he has "whistle blower" status or that this alleged status is the proximate cause of any decision affecting his employment with the New Orleans Police Department.

JOSEPH V. DIROSA, JR. #4959
Deputy City Attorney
1300 Perdido Street
Room 5E01-City Hall
New Orleans, LA 70112
(504) 565-6200

FRANZ L. ZIBILICH, #14914
Chief of Criminal Justice

MAVIS S. EARLY
CITY ATTORNEY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing same in the U.S. Mail this _____6th_____ day of ____March____, 2001.

JOSEPH V. DIROSA, JR.

11

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED